

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JD AUTO CORP., | § | No. 08-22-00187-CV |
| Appellant, | § | Appeal from the |
| v. | § | 384th Judicial District Court |
| MICHAEL H. BELL, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2021DCV0743) |

## SUBSTITUTE DISSENTING OPINION

I respectfully dissent. I would grant the motion for reconsideration and conclude JD Auto's collateral attack fails to establish a due process violation as to both the reasonable-diligence inquiry and sufficiency of substituted service.

In my view, Bell exercised reasonable diligence to personally serve JD Auto before moving for substituted service. Though the majority concludes Bell made only one actual attempt at personal service relevant to the reasonable-diligence determination, I disagree. Simply because Holt-Shirley called the JD Auto dealership to determine whether Dick was in the office does not vitiate that effort as part of his diligence in attempting to serve JD Auto. The logical implication is had Holt-Shirley been informed on any of the four calls he made to JD Auto that Dick was in the office, he would have then gone to the dealership to personally serve Dick. "[T]he law does

not require a process server to engage in service attempts that would be futile." *Acadian Props. Austin, LLC v. KJMonte Invs., LLC*, 650 S.W.3d 98, 108 (Tex. App.—El Paso 2021, no pet.). I would not dismiss Holt-Shirley's phone calls simply because he did not go to the dealership in person after learning Dick was not there—particularly given the dealership office's apparent arrangement, in which Dick's office was not readily accessible to the public but was located behind a staffed front desk.

The majority also discounts Holt-Shirley's visits to two other addresses besides the dealership as irrelevant. But evidence supports Dick's association with each location—the first was his father's home, and the second was his ranch. Holt-Shirley's attempts to find Dick outside the dealership comports with the language on the citation that JD Auto may be served through its corporate agent "wherever he/she may be found" and in fact go beyond what reasonable diligence requires. *See Pirate Oilfield Servs., Inc. v. Cunningham*, 631 S.W.3d 421, 428 (Tex. App.— Eastland 2021, no pet.) ("[T]he process server was not *required* to attempt to locate [the defendant] at any place other than the registered office." (emphasis added)). Indeed, in my view, the attempts described by Holt-Shirley reflect what someone "desirous of actually informing the [defendant] might reasonably adopt to accomplish" notice. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (1950). And while Dick stated he "did not spend all [his] time in [his] office sitting at a desk," he served as JD Auto's registered agent, in which his "only duties" included to "receive or accept . . . any process, notice, or demand that is served on or received by" him. Tex. Bus. Orgs. Code Ann. § 5.206. Reasonable diligence does not require "heroic efforts" to assure notice, only that the "effort be 'reasonably calculated' to apprise a party of the pendency of the action[.]" *Dusenbery v. United States*, 534 U.S. 161, 170 (2002) (quoting *Mullane*, 339 U.S. at 315). I would

2

have concluded Bell exercised reasonable diligence to personally serve JD Auto before moving for substituted service.

Further, I would have found the method of substituted service authorized by the trial court in the underlying case—i.e., notice by posting—constitutionally sufficient. Sufficiency of notice is fact-specific to each case. *In re Miramontes*, 648 S.W.3d 590, 601 (Tex. App.—El Paso 2022, no pet.). Under these facts, when the evidence before the trial court reflected multiple attempts at personal service on JD Auto's registered agent who, despite multiple messages left with his staff and father, was consistently unavailable, I do not find it offensive to due process to order service by posting. *Compare Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 175–76 (2d Cir. 1979) (service by posting and mail constitutionally sufficient when defendant "was known to be not averse to evading the service of process" and bodyguards at defendant's residence made personal delivery of process "impossible"), *and U.S. Sec. & Exch. Comm'n v. Secure Cap. Funding Corp.*, No. 11-0916 (AET), 2011 WL 13143141, at *2–3 (D.N.J. Aug. 3, 2011) (service by email and publication constitutionally sufficient after plaintiff demonstrated defendant's "deliberate avoidance and obstruction," making giving notice otherwise "impossible"), *with Luessenhop v. Clinton Cnty., New York*, 466 F.3d 259, 270 (2d Cir. 2006) (service by publication and posting constitutionally insufficient after, without more, one attempt at service by certified mail returned notice "unclaimed"), *and United States v. 125.2 Acres of Land*, 732 F.2d 239, 241–42 (1st Cir. 1984) (service by publication and posting constitutionally insufficient as first resort), *and In re E.R.*, 385 S.W.3d 552, 565–66 (Tex. 2012) (service by publication after one unsuccessful attempt at personal service constitutionally insufficient in parental rights termination case).

Here, Bell's reasonable diligence in attempting to personally serve Dick without success authorized substituted service. While the trial court could have ordered substituted service by other

methods, the test is whether the alternative service ordered is "substantially less likely to bring home notice than other of the feasible and customary substitutes." *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 189 (Tex. 2022) (quoting *Mullane*, 339 U.S. at 315); *see also Vesco*, 593 F.2d at 175–76 ("[N]o one form of substitute service is favored over any other so long as the method chosen is reasonably calculated, under the circumstances of the particular case, to give the defendant actual notice of the pendency of the lawsuit and an opportunity to present his defense."). Under the facts of this case, I would not conclude service by posting was "substantially less likely" to notify JD Auto of Bell's pending suit than other permissible, feasible methods.

I would have affirmed the trial court's judgment.[1]  I therefore dissent.

YVONNE T. RODRIGUEZ, Chief Justice (Senior Judge)

August 26, 2024

Before Alley, C.J., Palafox and Soto, JJ., and Rodriguez, C.J. (Senior Judge) (en banc)
Soto, J., concurring
Rodriguez, C.J. (Senior Judge), dissenting

---

[1] Given the majority's disposition, it did not reach JD Auto's direct attack; however, I would have also affirmed the trial court's judgment on JD Auto's direct attack because it has not shown extrinsic fraud such that it could bring a bill of review outside the four-year limitations period.